In the Matter of the Claim of MAX H. WEINSTEIN, Respondent,
against EISENBERG & WEINSTEIN, INC., Appellant and Respond-
ent, and GLOBE INDEMNITY COMPANY, Respondent and Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Argued January 7, 1942; decided April 23, 1942.

*Abraham Rotwein* and *Jack Plotnikov* for Globe Indemnity Company, appellant. The claimant was excluded from coverage as a matter of law. (*Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334; *Stetson* v. *Advance Metal Lithographing, Inc.*, 263 App. Div. 771.) The claimant was excluded from coverage pursuant to the terms of the policy and by virtue of subdivisions 4 and 6 of section 54 of the Workmen's Compensation Law (Cons. Laws, ch. 67). (*Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Matter of Pettit* v. *Reges*, 242 N. Y. 272.)

*Frank F. Bergenfeld* for Eisenberg & Weinstein, Inc., appellant. If it is determined that the claimant did elect to be excluded from coverage, then he is not entitled to compensation, and the award should be reversed not only as against the carrier, but also as against the employer. (Workmen's Compensation Law, § 54, subd. 6; Cons. Laws, ch. 67.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* and *Joseph A. McLaughlin* of counsel), for State Industrial Board, respondent. The claimant, an executive officer, was covered by the policy issued by the carrier in 1938 and in force at the time of the accident. (*Kocak* v. *Metropolitan Life Ins. Co.*, 237 App. Div. 780; 263 N. Y. 518; *People ex rel. Westchester Fire Ins. Co.* v. *Davenport*, 91 N. Y. 574; *Matter of Leef* v. *Dainty Kiddie Cap Co.*, 251 App. Div. 764; *Gassman* v. *S. & A. Service Corp.*, 256 App. Div. 868; 281 N. Y. 706; *Matter of Katz* v. *Pollyanna Trading Corp.*, 257 App. Div. 1093.)

*Murray M. Brodsky* for claimant, respondent. Claimant was within the provisions of the policy. (*Matter of Yeannelis* v. *Menides*, 259 N. Y. 513.) The award was properly made in favor of the claimant. (*Gassman* v. *S. & A. Service Corp.*, 256 App. Div. 868; 281 N. Y. 706; *Matter of Leef* v. *Dainty Kiddie Cap Co.*, 251 App, Div. 764; *Kocak* v. *Metropolitan Life Ins. Co.*, 237 App. Div. 780; 263 N. Y. 518; *Matter of Katz* v. *Polyanna Trading Corp.*, 257 App. Div. 1093.)

LOUGHRAN, J. Carrier and employer appeal from an affirmance of an award of workmen's compensation. The employer is a domestic corporation. The claimant Max H. Weinstein was its

secretary and treasurer when he suffered in July, 1938, the injuries for which the award was made. On that date a standard workmen's compensation policy which the carrier had issued to the employer was in force. Whether this policy covered the claimant is the single question presented.

This policy was the third of a continuous sequence of three such contracts between the carrier and the employer. The term of each was one year. The first became effective on April 2, 1936. Subdivision 6 of section 54 of the Workmen's Compensation Law (Cons. Laws, ch. 67) at that time provided: "Every executive officer of a corporation shall be deemed to be included in the compensation insurance contract unless he elects not to be brought within the coverage of this chapter. The election shall be made in writing on a form prescribed by the industrial commissioner and filed with the insurance carrier." (L. 1930, ch. 316.)

The claimant Max H. Weinstein made in writing an election to be excluded from the coverage of the first policy " and any renewal or re-issuance of the said contract, unless or until the election is withdrawn or cancelled." This election was made on a form prescribed by the Industrial Commissioner and was filed with the carrier. This election was not withdrawn or canceled.

No further election of non-coverage was made by the claimant Max H. Weinstein. The second and third policies were issued respectively on April 2, 1937, and April 2, 1938. Each of these two policies contained this endorsement: " It is agreed that * * * the following executive officers of this Employer shall be wholly excluded from all the provisions of this policy * * * Max H. Weinstein Secretary * * * Max H. Weinstein Treasurer. The executive officers named above shall each personally subscribe his name to the notice of election prescribed by the Industrial Commissioner pursuant to Subdivision 6, Section 54 of the Workmen's Compensation Law. It is agreed that the [carrier] Company will make no premium charge on the remuneration earned by said executive officers, and the Employer will save the Company harmless, indemnifying the Company for any loss sustained because of any claims arising from injuries to any of the executive officers named in this Endorsement." No premium on the remuneration paid by the employer to the claimant Max H. Weinstein was col-

lected by the carrier during the term of any of the three policies.

We agree with the carrier and employer that the second policy was a renewal of the first and the third a renewal of the second with the result that the claimant Max H. Weinstein was excluded from the coverage of the second and third policies by operation of his unrecalled election to be excluded from the coverage of the first policy "and any renewal or re-issuance of the said contract." (Cf. Workmen's Compensation Law, § 54, subd. 6, as amd. L. 1939, ch. 241.)

*Matter of Gassman* v. *S. & A. Service Corp.* (256 App. Div. 868; 281 N. Y. 706) is not authority to the contrary. The policy there sued on was not a continuance of the earlier policy in respect of which the claimant had made his election of non-coverage, and the antecedent notice of election made no reference to renewals of that earlier policy.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, with costs in all courts against the State Industrial Board.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.